IN THE COURT OF CRIMINAL APPEALS


OF TEXAS








WR-48,498-02






EX PARTE ELKIE LEE TAYLOR








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 0542281AR IN THE 297TH DISTRICT COURT


OF TARRANT COUNTY





 Per curiam. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Article 11.071, Section 5, of the Texas Code of Criminal Procedure.

 On June 23, 1994, Applicant was convicted of the offense of capital murder. The
jury answered the special issues submitted under Article 37.071, of the Texas Code of
Criminal Procedure in the affirmative, and the trial court, accordingly, set punishment at
death. Applicant's conviction was affirmed on direct appeal. Taylor v. State, 920 S.W.2d
319 (Tex. Crim. App. 1996). 

 Applicant presents three allegations in his application. His first claim, that his
death sentence would violate the United States Supreme Court's opinion in Atkins v.
Virginia, 536 U.S. 304 (2002), holding that the Eighth Amendment prohibits the
execution of the mentally retarded, satisfies the requirements of Article 11.071, Section 5,
and was remanded to the trial court for consideration of that issue. His second and third
claims were dismissed because they did not satisfy the requirements of Article 11.071,
Section 5.

 On remand, the trial court made findings of fact and conclusions of law
recommending that this application be denied because Applicant has failed to show by a
preponderance of the evidence that he is mentally retarded. However, the trial court did
not hold a live hearing to consider testimony regarding this issue. In this case, we find a
live hearing is necessary. Thus, this cause is remanded to the trial court for a live hearing
so that the parties may present evidence regarding the issue of whether Applicant is
mentally retarded. 

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex. Crim. App. 1960), this application will be held in abeyance pending the trial
court's compliance with this order. The trial court shall resolve the issue presented within
120 days of the date of this order. (1) A supplemental transcript containing the transcription
of the court reporter's notes from the hearing, along with the trial court's findings of fact
and conclusions of law, shall be returned to this Court within 180 days of the date of this
order. 

 IT IS SO ORDERED THIS THE 23RD DAY OF MARCH, 2005. 


Do Not Publish 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.